2 T₣: L T



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
JUN 04 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

| | |
|---|---|
| JOAN D. TESCHÉ | CIVIL ACTION |
| vs. | |
| CNA INSURANCE COMPANIES and CONTINENTAL CASUALTY COMPANY | NO. 1:CV-01-0326 (William W. Caldwell, J.) |

## DEFENDANTS CNA INSURANCE COMPANIES AND CONTINENTAL CASUALTY COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants' CNA Insurance Companies and Continental Casualty Company by and through its undersigned counsel, Christie, Pabarue, Mortensen and Young, a Professional Corporation, hereby file their Answer to Plaintiff's Amended Complaint with Affirmative Defenses as follows:

**The Parties**

1.      Denied. After reasonable investigation, answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      Denied.  CNA Insurance Companies is not a proper defendant as it is not a corporate entity but instead is a trade name for a group of insurance companies. Moreover, the applicable group long term disability insurance policy was issued by Continental Casualty Company.

3.      Denied.  It is admitted only that defendant, Continental Casualty Company ("Continental"), is an Illinois Corporation licensed to conduct business in the Commonwealth of Pennsylvania and that it maintains an office at CNA Plaza in Chicago,

342453-1                                    1

Illinois.  To the extent the allegations in this paragraph differ from that stated herein, they are denied.  By way of further response, to the extent this paragraph contains conclusions of law, including but not limited to the allegations related to Continental's ERISA status, the same are denied.

4.      Denied.  The allegations contained in this paragraph are conclusions of law, which are denied.  By way of further response, all allegations with respect to agency and employment and/or acts thereunder are denied to the extent that defendants' alleged agents, servants and/or employees have not been identified.  By way of further, response, it is specifically denied that plaintiff's long term disability benefits were "erroneously denied."

### Jurisdiction and Venue

5.      Denied. The allegations contained in this paragraph are denied as conclusions of law.  It is admitted only that ERISA governs this matter.

6.      Denied. The allegations contained in this paragraph are denied as conclusions of law.  It is admitted only that ERISA governs this matter.

7.      Admitted.

### Allegations Common To All Counts

8.      Denied.  After reasonable investigation, answering defendants are without sufficient knowledge or information to respond to this allegation.

9.      Denied.  The allegations contained in this paragraph are denied as conclusions of law.  Moreover, all factual allegations set forth herein are denied.  By way of further response, Mrs. Tesche would not be "entitled" to long term disability benefits simply due to her status as an AMP employee but only if she met the terms and conditions for payment of said benefits under the applicable policy.  In this instance, it is denied that plaintiff meets the terms and conditions of the applicable policy for the

342453-1                                                    2

receipt of benefits.  It is further denied that "CNA Insurance Companies" is a proper

defendant and/or that Continental is an "affiliate/underwriter/plan trustee/plan

administrator" of CNA Insurance Companies.  Lastly, the decision to terminate plaintiff's

benefits claim because she was not disabled from any occupation was reasonable,

correct, and supported by the evidence based upon the terms and provisions of the

applicable policy.

      10.    Denied.  It is admitted only that AMP Incorporated funded the long term

disability component of its employee welfare benefit plan ("Plan") through the purchase

of a group long term disability insurance policy from Continental ("Policy"), not CNA

Insurance Companies, and thus, that ERISA governs this matter.  Answering defendants

are unable to respond to the "related provisions" allegation as the same has not been

specifically defined and indeed constitutes a conclusion of law.

      11-16.  Denied.  Answering defendants incorporate their responses above as to

the identity, and corporate and ERISA status of CNA and Continental as though the

same were set forth at length herein and, thus, deny the allegations set forth in these

paragraphs to the extent they differ or contradict the above.  The administrative record

compiled with respect to plaintiff's claim for benefits as a document speaks for itself.  To

the extent that the allegations in these paragraphs, and all exhibits cited thereto, differ

from, contradict, or do not fully cover the information and documentation contained in the

administrative record, said allegations are denied.  By way of further response, after

reasonable investigation, answering defendants are without sufficient knowledge or

information to respond to the allegations contained in these paragraphs.  To the extent

the allegations contained in these paragraphs state conclusion of law, they are denied.

It is specifically denied that answering defendants "rendered an untimely final decision"

as alleged in paragraph 16.  To the contrary, Continental rendered its decision in a timely manner.

17.    Denied.  The allegation contained in this paragraph is denied as a conclusion of law.

18-19.  Denied.  After reasonable investigation, answering defendants are without sufficient knowledge or information to respond to the allegations contained in these paragraphs.  By way of further response, to the extent these paragraphs attempt to state conclusions of law, the same are denied in general and inasmuch as an award of Social Security benefits has no relevance as to the claim determination at issue except that such a payment is a defined offset under the applicable policy.

## COUNT I - FIDUCIARY VIOLATIONS OF ERISA

20.    Answering defendants incorporate by reference their responses to paragraphs 1 through 19 above as though the same were set forth at length herein.

21.    Denied.  The allegations contained in this paragraph are denied in general, as conclusions of law, and because the specific "Contract" documents are not specifically identified.  It is specifically denied that answering defendants breached any fiduciary duty.  It is, however, admitted that ERISA governs albeit answering defendants incorporate their response to paragraph 10 above as to the appropriate identification of the ERISA plan.

22(a)-(f).    Denied.  The allegations contained in this paragraph and its accompanying sub-paragraphs a through f are conclusions of law, which are denied.  It is specifically denied that answering defendants breached any fiduciary duty.  Further, answering defendants incorporate their responses above as to the identity, and corporate and ERISA status of CNA and Continental as though the same were set forth

342453-1                                        4

at length herein and, thus, deny any allegations as to the same set forth in these paragraphs.

23.    Denied.  The allegations contained in this paragraph are conclusions of law, which are denied. It is specifically denied that answering defendants breached any fiduciary duty.

**WHEREFORE**, answering defendants respectfully request that this Court dismiss plaintiff's Amended Complaint, and enter judgement in favor of defendants and against plaintiff and award defendants its costs, attorney fees, and any other relief deemed appropriate by the Court.

## COUNT II - CLAIM FOR ERISA BENEFITS

24.    Answering defendants incorporate by reference their responses to paragraphs 1 through 23 above as though the same were set forth at length herein.

25.    Denied. The allegations contained in this paragraph are conclusions of law, which are denied.  It is admitted only that ERISA governs this matter.

26.(a)-(f)  Denied. The allegations contained in this paragraph and its accompanying sub-paragraphs are conclusions of law, which are denied.

27.    Denied.  The allegations contained in this paragraph are conclusions of law, which are denied.  By way of further response, it is specifically averred that defendant properly denied plaintiff's claim for long term disability benefits.

28.    Denied. The allegations contained in this paragraph are conclusions of law, which are denied.

29.    Denied. The allegations contained in this paragraph are conclusions of law, which are denied.

**WHEREFORE**, answering defendants respectfully request that this Court dismiss plaintiff's Amended Complaint, and enter judgement in favor of defendants and against

342453-1                                          5



plaintiff and award defendants its costs, attorney fees and any other relief deemed appropriate by the Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not eligible for and/or entitled to long term disability benefits under the applicable Plan/Policy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not and was not totally disabled as defined in the applicable Plan/Policy and as required for the receipt of long term disability benefits.

### FOURTH AFFIRMATIVE DEFENSE

The termination of plaintiff's benefits was reasonable, correct, and supported by the evidence of record.

### FIFTH AFFIRMATIVE DEFENSE

The termination of the plaintiff's benefits under the Plan/Policy was not arbitrary and/or capricious.

## SIXTH AFFIRMATIVE DEFENSE

The decision to terminate plaintiff's benefits was correct in light of the evidence provided at the time the decision was made and/or pursuant to the terms of the Policy/Plan.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendants assert herein each and every defense available to them under and pursuant to the Plan/Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Answering defendants are entitled to offset benefits received by plaintiff from other sources of disability, employment and/or other benefits pursuant to the terms and provisions of the Plan/Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be barred pursuant to the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial pursuant to ERISA and his demand for a jury trial must be stricken.

342453-1

## ELEVENTH AFFIRMATIVE DEFENSE

Answering defendants respectfully reserve the right to assert additional defenses as may be revealed in discovery up until the time of trial.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN AND YOUNG
A Professional Corporation

BY: _____

Michael J. Burns, Esquire
Atty. ID#: 62088
1880 JFK Boulevard, 10th Floor
Philadelphia, Pa 19103
(215) 587-1600
(215) 587-1699 (facsimile)
mjburns@cpmy.com

Attorney for Defendants,
CNA Insurance Companies and
Continental Casualty Company

Dated: _6/1/01_____

342453-1                                    8

## CERTIFICATE OF SERVICE

I, Michael J. Burns, does certify that a true copy of the foregoing Defendants

CNA Insurance Companies and Continental Casualty Company's Answer to Plaintiff's

Amended Complaint with Affirmative Defenses was served this __1st___ day of June,

2001, by first class mail, postage prepaid, upon counsel listed below:


Bradford Dorrance, Esquire
Keefer Wood Allen & Rahal, LLP
210 Walnut Street
P.O. Box 11963
Harrisburg, PA 17108-1963


Michael J. Burns, Esquire


342716-1