



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN D. TESCHÉ,       :   Civil Action No. 1:CV-01-0326
        Plaintiff  :

    v.          :
           :
CNA INSURANCE COMPANIES, and  :
CONTINENTAL CASUALTY COMPANY,  :
           :
        Defendants  :  (Judge Caldwell)

**FILED**
**HARRISBURG**
JAN 2 8 2002

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**STATEMENT OF MATERIAL FACTS**
**PURSUANT TO LOCAL RULE 56.1**

1.    Admitted in part; denied in part.  Paragraph 1 is admitted with the exception of the allegation that AMP Incorporated solely funded Continental Casualty Company's long-term disability policy.  Additionally, it appears defendant, CNA Insurance Company (not "Companies"), was the claims administrator for plaintiff's LTD claim.  <u>See</u> Sauerhoff Dep. Tr. at 28.  <u>Compare</u> Plaintiff's Statement of Material Facts ("Plaintiff's Statement"), ¶¶ 2, 3, 11.

2.    Admitted in part; denied in part.  Exhibit B speaks for itself and to the extent the stated allegation deviates from the actual terms of the definition, it is

specifically denied.  <u>See</u> Plaintiff's Statement, ¶¶ 9, 15, and 28-30, which are incorporated by reference herein.

     3.   Admitted with qualification.  It appears that CNA Insurance Company ("CNA"), or its affiliate, Continental Casualty Company ("CCC"), was the claims administrator; and CCC was the insurer of plaintiff's long-term disability claim.  <u>See</u> Sauerhoff Dep. Tr. at 28; Plaintiff's Statement, ¶ 12.

     4.   Denied.  Plaintiff's claim for long-term disability benefits is based on various chronic medical conditions.  <u>See</u> Defendant's Exhibit A, CCC000111, <u>et seq</u>.  <u>See also</u> Joan Tesché's Affidavit and Bradford Dorrance's Supplemental Affidavit, which are incorporated by reference herein.

     5.   Admitted in part; denied in part.  CNA and/or CCC sporadically sought and obtained information from plaintiff's treating physicians.  However, from May 21, 1999 through February 21, 2000 (the date of CCC's final decision), CNA and CCC never contacted Mrs. Tesché's treating physicians, Drs. Rubenstein and Wolf, to obtain an update on her condition and her permanent medical restrictions and limitations.  Plaintiff's Statement, ¶35; Sauerhoff Dep. Tr. at 48-49, 68.

2

6.   Admitted in part; denied in part.  Exhibit A speaks for itself, and to the extent paragraph 6 deviates from the entire administrative record, it is specifically denied.  See also paragraph 5 above, which is incorporated by reference herein.

7.   Admitted with qualification.  Paragraph 7 is denied only to the extent, if any, that it mischaracterizes Dr. Rubenstein's opinion as set forth in Exhibit A at CCC000185.

8.   Admitted.

9.   Admitted in part; denied in part.  The documents in the administrative record speak for themselves.  Plaintiff specifically denies the suggestion that CCC had to make several requests before obtaining the report from Dr. Wolf.  See Plaintiff's Statement, ¶¶ 33, 34.

10.  Admitted with qualification.  Plaintiff denies paragraph 10 only to the extent, if any, that it mischaracterizes the document identified as CCC000184 in Exhibit A.

11.  Admitted with qualification.  Plaintiff denies paragraph 11 only to the extent, it any, that it mischaracterizes the document identified as CCC000143 in Exhibit A.

3

12.  Admitted with qualification.  Plaintiff denies paragraph 12 only to the extent, if any, that it mischaracterizes the document identified as CCC000130 in Exhibit A.

13.  Admitted in part; denied in part.  Plaintiff has no personal knowledge about the vocational evaluation or any qualifications of the evaluator.  The cited documents in Exhibit A speak for themselves.

14.  Admitted in part; denied in part.  The cited pages in Exhibit A speak for themselves, and to the extent paragraph 14 mischaracterizes those documents, it is specifically denied.  Such allegation is further denied to the extent it suggests that a complete and objective vocational evaluation was conducted by CCC.  See Plaintiff's Statement, ¶ 20; Tesché Affidavit.

15.  Admitted in part; denied in part.  Plaintiff admits paragraph 15 to the extent it accurately characterizes the document referenced in Exhibit A.  Plaintiff denies paragraph 15 to the extent it suggests defendant conducted a fair, independent, objective, and comprehensive vocational evaluation.  Id.

4

16.  Admitted in part; denied in part.  Plaintiff incorporates by reference herein its response in paragraph 15 above.  Plaintiff has no personal knowledge as to Mr. Gulledge's qualifications or the bases of his opinion.  Plaintiff denies that paragraph 16 adequately and accurately summarizes her conversation with Mr. Gulledge.  <u>See</u> Tesché Affidavit.

17.  Admitted in part; denied in part.  Plaintiff incorporates by reference herein its response in paragraphs 15 and 16 above.  Plaintiff specifically denies the suggestion that Mr. Gulledge had sufficient experience (or other qualifications) to render any opinion as a vocational expert.

18.    Admitted in part; denied in part.  Plaintiff incorporates by reference herein its response in paragraphs 15, 16, and 17 above.

19.  Admitted in part; denied in part.  Plaintiff admits paragraph 19 to the extent it accurately characterizes the document referenced in Exhibit A.  Plaintiff specifically denies paragraph 19 to the extent it suggests that Mr. Gulledge had sufficient experience (or other qualifications) to render any opinion as a vocational expert.

20-21.  Admitted with qualification.  Plaintiff denies
paragraphs 20 and 21 only to the extent, if any, that those
allegations mischaracterize the document referenced in Exhibit A.

22.  Admitted in part; denied in part.  Plaintiff
denies paragraph 22 only to the extent, if any, that it
mischaracterizes the document identified in Exhibit A.

23.  Admitted in part; denied in part.  Plaintiff
denies paragraph 23 to the extent, if any, that it
mischaracterizes the document identified in Exhibit A.  Plaintiff
further denies the suggestion that CCC complied with its
fiduciary obligations under ERISA.  Plaintiff's Statement, ¶¶ 14-
20.

24.  Admitted with qualification.  Plaintiff, through
her former counsel, timely appealed CCC's decision.  See also
Plaintiff's Statement, ¶ 17.

25.  Admitted in part; denied in part.  The document
identified in Exhibit A speaks for itself.  Plaintiff denies
paragraph 25 to the extent that it suggests that plaintiff had
the sole obligation to produce objective medical and vocational

6

evidence in support of her claim.  See Plaintiff's Statement, ¶¶ 21, 32-37.

27.  Admitted in part; denied in part.  Dr. Wolf's report was dated December 22, 1999, not December 22, 1991. Plaintiff denies that Dr. Wolf's report was based solely upon any physical exam, including the one he performed in May 1999.  See Plaintiff's Statement, ¶¶ 20-21, 32-36; Tesché Affidavit.

27.  Admitted in part; denied in part.  Admitted that Dr. Wolf opined that plaintiff could not perform her prior occupation; denied that Dr. Wolf failed to opine that plaintiff was disabled from performing any occupation.  In truth, Dr. Wolf opined that Mrs. Tesché was not "employable" based on her medical condition--the same finding made by the Social Security Administration in awarding disability benefits.  Dr. Wolf's opinion that Mrs. Tesché was not employable is equivalent to an opinion that she was disabled from any employment.  Tesché Affidavit.  Plaintiff's Statement, ¶¶ 21, 41-42.

28.  Admitted in part; denied in part.  Paragraph 28 mischaracterizes the letter and spirit of Dr. Wolf's opinion.

7

Plaintiff incorporates by reference herein its response to paragraph 27 above.

29.  Admitted in part; denied in part.  Paragraph 29 is denied to the extent it mischaracterizes the appeal procedure, as set forth in the relevant documents in Exhibit A and in other parts of the record.  See generally Sauerhoff Dep. Tr.

30.  Admitted in part; denied in part.  Paragraph 30 is admitted to the extent it correctly characterizes the document cited in Exhibit A.  Paragraph 30 is denied to the extent it asserts that a "comprehensive review of the file" was conducted. Id.

31.  Admitted in part; denied in part.  Ms. Sauerhoff's letter speaks for itself.  Plaintiff specifically denies the stated allegation to the extent it suggests that Ms. Sauerhoff provided any consistent or rational support for her decision. Id.

32.  Admitted in part; denied in part.  Plaintiff incorporates by reference herein her answer to paragraph 31 above.  The record speaks for itself in stating plaintiff's

physical and vocational capabilities.  <u>See</u>, <u>e.g</u>., Tesché

Affidavit.

33.  Admitted in part; denied in part.  Plaintiff

incorporates by reference herein her answer to paragraphs 31 and

32 above.

34.  Admitted in part; denied in part.  Admitted that

plaintiff did not provide a vocational expert's report to CCC;

denied that a vocational report was required to establish

disability under the policy.  <u>See also</u> Plaintiff's Statement, ¶¶

14-21.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 1/28/02

Bradford Dorrance
I. D. No. 32147
210 Walnut Street
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document upon the person(s) and in the manner indicated below:

First-Class Mail, Postage Prepaid
Addressed as Follows:

Michael J. Burns, Esquire
CHRISTIE PARABUE MORTENSEN YOUNG
1880 JFK Boulevard
10th Floor
Philadelphia, PA  19103-7424

(Attorneys for Defendants)


Dated: 1/28/02                    Bradford Dorrance
                                   Bradford Dorrance