IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN D. TESCHÉ | : | CIVIL ACTION |
| vs. | : | |
| CNA INSURANCE COMPANIES and<br>CONTINENTAL CASUALTY COMPANY | : | NO. 1:CV-01-0326<br>**(William W. Caldwell, J.)** |

**DEFENDANTS RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS UNDER LOCAL RULE 56.1**

1. Admitted, upon information and belief.

2. Denied. It is denied that CNA Insurance Company is a corporate entity let alone that it is an Illinois corporation that is engaged in the business of writing and/or administering various types of insurance, that it serves as "claim or plan administrator and trustee/plan fiduciary in administering certain employers' group disability plans, that it has a principle place of business and conducts business as alleged herein. To the contrary, CNA is a trade name only as set forth in Defendants' Answer with Affirmative Defenses to Plaintiff's Amended Complaint.

3. Denied. It is admitted only that Continental Casualty Company is a corporation engaged in the business of writing and underwriting various insurance, including disability plans. Further it is admitted that Continental is an Illinois Corporation that maintains an office at CNA Plaza in Chicago. Illinois. The remaining allegations are denied as conclusions of law and on the basis that

368061_1

the they are so over broad and non-specific that defendants are unable to respond to the same.

4. Denied. It is admitted that this civil action is governed by the Employee Retirement Income Security Act, 29 USC §1001, et seq, as amended, which vests jurisdiction in this Court. The remaining allegations are denied as conclusions of law.

5. Admitted.

6. Admitted.

7. Denied. It is admitted only that Mrs. Tesche was an employee of AMP Incorporated ("AMP"). As to her tenure at AMP, defendants are without sufficient knowledge or information to respond to this allegation.

8. Denied. It is admitted only that Mrs. Tesche as an AMP employee was eligible for long term disability benefits under and pursuant to a group long term disability insurance policy issued by Continental that AMP used to fund the long term disability component of its employee welfare benefit plan. The allegation that the she "was eligible for long-term disability benefits through CNA and its affiliate/underwriter CCC" is denied.

9. Admitted, with the caveat that the group long term disability insurance policy was issued by Continental, not CNA, and that the full policy is attached to defendant's Motion for Summary Judgment as Exhibit "B."

10. Denied as stated. It is admitted only that AMP funded the long term disability component if its employee welfare benefit plan through the purchase of

a group long term disability policy issued by Continental and that ERISA governs. To the extent the allegations differ from that stated, they are denied.

11. Denied. While it is admitted that this was a non-contributory policy, after reasonable investigation, defendants are without sufficient knowledge or information to respond to whether Mrs. Tesche "paid all premiums due under the attached policy."

12. Denied. The allegations set forth in the first sentence are admitted with the caveat that the administrative record speaks for itself and that Continental, not CNA, concluded that Mrs. Tesche was totally disabled as defined in the plan, from performing her own occupation as a System Procedure Analyst at AMP and paid benefits to her for 24 months consistent with the terms of the plan. As to the allegation in the second sentence, it is denied as defendants are without sufficient knowledge or information to respond to when Mrs. Tesche employment at AMP was terminated.

13. Admitted, with the caveat that the document at issue as a writing speaks for itself.

14. Admitted, with the caveat that the document at issue as a writing speaks for itself.

15. Admitted, with the caveat that the document at issue as a writing speaks for itself.

16. Admitted, with the caveat that the document at issue as a writing speaks for itself.

17.  Denied. It is admitted that Steven Courtney appealed Continental, not CNA's, initial claim determination via his October 22, 1999 and December 3, 1999 letters. It is denied that said appeal was "timely" filed based upon Mrs. Tesche and her counsel's failure to file the documentation to support her appeal within sixty (60) days as set forth in Ms. Collins October 7, 1999 letter which is at Exhibit "A" at CCC000164-165 and as a matter of law.

18.  Denied. It is denied that Ms. Collins "declined to provide" the documents and that it avers that this is a blatant mischaracterization of the evidence. To the contrary, this letter as a document in writing speaks for itself and notes that the information sought is available at a public library.

19.  Admitted, with the caveat that the document at issue as a writing speaks for itself.

20.  Denied. <u>See</u> Exhibit "A" at CCC000129.

21.  Denied. Dr. Wolf's December 22, 1999 is in writing and speaks for itself. However, plaintiff misstates Dr. Wolf's opinion as stated at Exhibit "A" at CCC000156. Dr. Wolf opined only that Mrs. Tesche was "not employable, including these positions …" and did not opine that she was not employable "based on her current medical condition" and/or "including her inability to perform the purported job opportunities identified by" Continental, not CNA. This presents a mischaracterization of the evidence and is not just semantics.

22.  Denied as stated. The document at issue as a writing speaks for itself.

23. Admitted, with the caveat that the document at issue as a writing speaks for itself.

24. Denied. It is specifically averred that the February 21, 2000 claim denial letter was timely as it was transmitted within sixty (60) days. By way of further response, plaintiff misstates Mrs. Sauerhoff's testimony. Ms. Sauerhoff testified that, in accordance with her customary practice, she drafted and sent the letter on the day it was dated, February 21, 2000. It is specifically denied that Steven Courtney did not receive Continental, not CNA's decision, until April 6, 2000.

25. Denied. Until the specific requests are identified, defendants are without sufficient knowledge or information to respond to these allegations but do state that the plan documents in its possession were provided to plaintiff's counsel.

26. Denied. The allegations set forth in the paragraph are conclusions of law. By way of further response, after reasonable investigation, defendants are without sufficient knowledge or information to respond to these allegations, including but not limited to plaintiff's counsel's inquiries to AMP/Tyco.

27. Admitted, with the caveat that the document at issue is the administrative record, or Continental's claim file for the long term disability claim at issue, and it is not "CNA Certified Record."

28. Denied. The allegations contained in this paragraph are conclusions of law.

29. Admitted.

30. Denied. The allegations set forth in this paragraph are denied as a matter of fact and as conclusions of law. It is averred as set forth in the administrative record and Ms. Sauerhoff's deposition that Continental's evaluation of plaintiff's claim appropriately and consistent with the terms of the policy entailed a vocational review with the factors noted so that Continental could determine if plaintiff could "engage in any occupation for which he is or becomes qualified by education, training or experience."

31. Denied. Again, plaintiff seeks to mischaracterize the evidence as Dr. Rubenstein simply advised that the limitations provided were the patient's "self-described limitations" and he suggested, "if confirmation was required" an independent medical examination. Dr. Rubenstein did not "recommend" an independent medical examination.

32. Denied. It is admitted that Continental, not CNA, did not obtain an IME even though the policy provides for an IME. It is, however, further averred as set forth in Defendants' Motion for Summary Judgment that an IME was not required as the medical evidence submitted by plaintiff's treating physicians was accepted by Continental in establishing plaintiff's restrictions and limitations.

33. Admitted, with the caveat that the document at issue as a writing speaks for itself and included more information on the plaintiff's restrictions than set forth herein.

34. Admitted.

35. Admitted, with the caveat that Dr. Wolf did submit a supplemental report dated December 22, 1999 outlining plaintiff's medical condition. As to Dr.

Rubenstein, plaintiff herself informed Continental to secure information from Dr. Wolf as she had "incorrectly told" Continental that "Dr. Rubenstein, my family practitioner should be contacted for disability/limitation reports." Exhibit "A" at CCC000195.

36. Admitted, with the caveat that as a matter of law, Mrs. Tesche had the burden to submit such proof on appeal and that Continental had complied with ERISA's appeal requirements.

37. Denied. While it is admitted that Ms. Sauerhoff did not consult with those person and entities identified, the administrative record contained the pertinent information and documentation and provided a basis for making her determination to affirm the decision that Mrs. Tesche was not totally disabled from performing any occupation.

38. Admitted.

39. Admitted, with the caveat that Continental, not CNA, is the appropriate party.

40. Denied. The allegations herein are not supported by Exhibit G to the Amended Complaint and, therefore, they are denied as a matter of fact and to the extent the allegations constitute conclusions of law. It is, however, admitted only that Mrs. Tesche applied for Social Security disability benefits.

41. Denied. Exhibit G as a document speaks for itself. It is further noted that, as a matter of law, Continental is not bound to follow any award made by the Social Security Administration and, thus, to the extent this paragraph states a conclusion of law, it is denied.

Respectfully submitted,

CHRISTIE, PABARUE, MORTENSEN AND
YOUNG, A Professional Corporation

BY: _____
Michael J. Burns, Esquire
Atty. Identification #: 62088
1880 JFK Boulevard, 10th Floor
Philadelphia, Pa 19103
(215) 587-1600
(215) 587-1699 (facsimile)
mjburns@cpmy.com

Attorney for Defendants,
CNA Insurance Companies and
Continental Casualty Company

Dated: 1/28/02