

ORIGINAL

(31)

FILED
HARRISBURG

JAN 3 1 2002

MARIE D'ANDREA, CLERK
Per /M/M
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN D. TESCHÉ                          :    CIVIL ACTION

vs.                                     :

CNA INSURANCE COMPANIES and             :    NO. 1:CV-01-0326
CONTINENTAL CASUALTY COMPANY            :    **(William W. Caldwell, J.)**

---

### DEFENDANTS CNA INSURANCE COMPANIES AND CONTINENTAL CASUALTY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

For the reasons more fully set forth in the Defendants CNA Insurance

Company and Continental Casualty Company's Reply Memorandum of Law in

Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law,

Defendants CNA Insurance Companies and Continental Casualty Company

respectfully request that this Court deny Plaintiff's Motion for Summary Judgment.

**Respectfully submitted**,

**CHRISTIE, PABARUE, MORTENSEN & YOUNG**
**A Professional Corporation**

DATE: 1/28/02      BY: _____

Michael J. Burns, Esquire
Attorney Identification #: 62088
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103
215-587-1600

Attorneys for Defendants CNA Insurance
Companies and Continental Casualty
Company

368056-1                              10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN D. TESCHÉ | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| CNA INSURANCE COMPANIES and | : | NO. 1:CV-01-0326 |
| CONTINENTAL CASUALTY COMPANY | : | **(William W. Caldwell, J.)** |

**DEFENDANTS CNA INSURANCE COMPANIES AND CONTINENTAL
CASUALTY COMPANY'S REPLY MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants CNA Insurance Company and Continental Casualty Company

("Continental") by and through their counsel herein file their opposition to

Plaintiff's Motion for Summary Judgment.  In addition to the arguments set forth

below, Continental incorporates and adopts the arguments and documentation

set forth in its Motion for Summary Judgment herein as part of its opposition to

Plaintiff's application.  Continental avers herein that the ERISA de novo standard

of review governs the Court's examination of this case.  Continental further

specifically opposes plaintiff's motion as follows:

**A.      Plaintiff Cannot State A Legally Cognizable Breach Of Fiduciary Duty
Claim Under Section 1132(a)(2) And Judgment As A Matter Of Law
Must Be Entered In Continental's Favor**

In apparent recognition of her inability to proffer sufficient medical and

vocational evidence to support her claim that she cannot perform any occupation,

plaintiff's primary argument in this case is that Continental breached its fiduciary

duty in the handling of plaintiff's disability claim which requires summary

368056-1

judgment be entered in her favor.  As a matter of law, however, plaintiff is unable

to establish a legally cognizable claim for a breach of a fiduciary duty herein.

Plaintiff's Amended Complaint at Count I purports to set forth a claim for

"Fiduciary Violations of ERISA."  A true and correct copy of Plaintiff's Amended

Complaint is attached hereto as Exhibit "C."  This cause of action is expressly

based on 29 U.S.C. Section 1132(a)(2).  See Exhibit "C" at paragraphs 21 and

23.  Further, plaintiff's "Statement of Questions Involved" (contained at page 5 of

her Brief in Support Her Motion for Summary Judgment) states, as well as limits,

her breach of fiduciary duty claim to "Count I of the amended complaint."

Similarly, the conclusion to argument "A" in plaintiff's Brief in Support of Her

Motion for Summary Judgment ("Plaintiff's Brief") requests summary judgment

under "Count I of the amended complaint."  See Exhibit C at p. 9.

A fiduciary duty claim under Section 1132(a)(2) "must be premised upon

harm to the entire Plan, rather than harm to a particular individual." Bellas v.

CBS, Inc., 73 F.Supp.2d 493, 498 (W.D.Pa. 1999); see also, McMahon v.

McDowell, 794 F.2d 100, 109 (3d Cir. 1986), cert. denied, 479 U.S. 971, 107

S.Ct. 473, 93 L.Ed.2d 417 (1986).   The United States Supreme Court in

Massachusetts Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d

96 (1985), held that Section 1132(a)(2) does not provide for a private cause of

action.  In paragraph 23 of Count I of her Amended Complaint, plaintiff seeks

"unliquidated damages and losses in excess of $75,000.00, representing past

and ongoing LTD benefits..."  See Exhibit C, at para. 23.  Since plaintiff's breach

of fiduciary duty claim seeks relief individualized to her and not on behalf of the

368056-1                                        2

plan, plaintiff cannot set forth a legally cognizable cause of action under Section 1132(a)(2) and summary judgment is appropriately granted in Continental's favor on plaintiff's breach of fiduciary duty claim.

**B.**     **Plaintiff Is Not Totally Disabled From Performing Any Occupation And, Thus, Her Claim For Benefits Under Section 1132(a)(1) Was Correctly Denied Which Claim Determination Must Be Upheld By This Court**

Ms. Tesche did not provide and has not provided "uncontradicted proof of a total disability" as alleged by plaintiff. Plaintiff's "uncontradicted proof" is not anywhere set forth in her argument on this point, plaintiff's Brief at Section IV B. Indeed, in this section of her Brief, plaintiff fails to set forth the specific, underlying medical and vocational information that supports her claim that she was totally disabled from performing any occupation. There is a good reason for that —— this "uncontradicted proof" does not exist. Instead, plaintiff supports her request for summary judgment by opting to misconstrue the documents contained in Continental's claim file and Ms. Sauerhoff's testimony. Because plaintiff's position is based on an erroneous manipulation of the evidence and not "uncontradicted proof," summary judgment cannot be granted in plaintiff's favor and her application for summary judgment must be denied.

As noted in Continental's Motion for Summary Judgment, plaintiff, despite the knowledge that Continental's decision was predicated on a vocational evaluation failed to submit credible, vocational evidence to support her claim on appeal. Continental delineated its position on plaintiff's claim quite clearly in its first claim determination letter dated October 7, 1999:

Based on medical information in our file, Ms. Tesche is unable to perform the duties of her occupation as S&P Analyst Assistant which required her to sit 7 hours per day. Information from Steven B. Wolf, M.D. indicates Ms. Tesche is able to sit for ½ hour at a time, stand ½ hour at a time, lift 5 to 10 pounds, walk 15 minutes at a time. He notes these are permanent restrictions. With consideration of her education, training and experience, she is not dibbled from other occupations and is not entitled to benefits beyond 24 months (10/30/1999). We had her claim reviewed by a vocational specialist who identified the jobs of Telemarketer, Customer Service Representative, Motel Night Auditor, and Automobile Rental Agent as potential employment opportunities.

Exhibit A CCC000176-7. In addition, plaintiff's allegation that the Continental's vocational report was "undisclosed" (Plaintiff's Brief at p. 12) and/or was not provided to her is absolutely false. Laura Collins documented in her File Activity Sheet that a "copy of the policy, copy of medical, initial claim forms, correspondence and voc (vocational) assessment, along with a own occ (occupation) termination letter" were sent to plaintiff's former counsel Clark DeVere." See Exhibit A to Defendants' Motion for Summary Judgment at CCC000129, the10/7/99 entry.

Clearly and consistent with ERISA's claim requirements (a point not disputed by plaintiff herein), plaintiff was on notice as to the basis for and foundation underlying Continental's claim determination. Clearly, the record demonstrates plaintiff (through her counsel) had been provided the necessary documentation for her review and evaluation in order to ascertain and procure additional evidence to support her appeal of Continental's determination. As a matter of law, plaintiff bore the burden of procuring and submitting sufficient proof to establish her right to benefits under the plan. See Jorstadt v. Conn. Gen'l. Life Inc. Co., 844 F.Supp., 46, 58 (D.Mass.)(claimant has affirmative duty to present

evidence to support claim).  In this case, instead of engaging an appropriate

expert to evaluate plaintiff's vocational status, an error that cannot be attributable

to Continental, plaintiff through counsel perfunctorily submitted an updated

medical report from Dr. Wolf in which Dr. Wolf stated that plaintiff was not

employable, as opposed to disabled, with respect to the occupations identified

during Continental's vocational review.  Given the limited, inconclusive, and

summary vocational evidence presented in rebuttal, Ms. Sauerhoff had no choice

but to affirm the initial determination and correctly point out that "the any

occupation determination is a vocational determination based on the claimant's

permanent medical restrictions, geographic location, economic parity, age,

experience, and education."  Continental's vocational assessment was

appropriate and fair, a fact which plaintiff seems to acknowledge in her motion;

plaintiff failed to rebut this vocational assessment during her claim appeal; and

plaintiff's litigation based effort to now cast the claim determination based upon

that vocational review as biased and suspect must fail.  Further, plaintiff's

arguments that Continental's decision predicated on the vocational review was

controlled, "duplicitous," unfair, and inconsistent are predicated upon plaintiff's

manipulation of the evidence and supposition, not fact.

With respect to plaintiff's medical condition, assuming that Dr. Wolf's

December 22, 1999 report is the foundation for her "uncontradicted evidence"

argument on this issue, plaintiff erroneously expands the scope of Dr. Wolf's

opinion in an effort to lend support to her claim.  Dr. Wolf did not opine in any

report or record, let alone his December 22nd report, that plaintiff was disabled, or

even totally disabled, from performing any occupation.  In his December 22nd

report, Dr. Wolf clearly pronounced plaintiff disabled from her own occupation,

which fact was never disputed by Continental.  Exhibit "A" at CCC00139.  In that

same letter, Dr. Wolf refrained from opining that plaintiff was totally disabled from

any occupation.  Id.  As to her alleged disability from any occupation, Dr. Wolf

noted only that Mrs. Tesche was not "employable, including these positions;

telemarketer, customer service representative, motel night auditor, and an

automobile rental agent."  Exhibit "A" at CCC000138-139.[1]  Disabled and

employable are not synonymous.  Clearly, Dr. Wolf was conveying to Continental

that plaintiff had the ability to return to work though he doubted that she could be

hired.  The Plan, as with any other disability policy, is not based on employability

but instead an inability to perform the material duties of an occupation.  The

medical evidence on record, which evidence was accepted and adopted by

Continental, was that plaintiff had the capability to perform a light to sedentary

job with an accommodation for her physical condition – the ability to intermittently

sit and stand.   Accordingly, not only was Continental correct on its unrebutted

vocational review, but Continental's decision that necessarily mixed the medical

evidence with the vocational evidence was both complete and correct.  Plaintiff

was given a full and fair review of her claim.

    In sum, plaintiff was provided with the foundation for Continental's claim

determination, was given extra time to submit information to rebut Continental's

---

[1] Even plaintiff's prior counsel who submitted Dr. Wolf's report recognized the limitation of Dr. Wolf's opinion as he did not argue that plaintiff was disabled but only "not employable."  Exhibit "A" at CCC000140.

determination,[2] and all she did was produce an updated report from Dr. Wolf wherein he failed to credibly rebut the vocational assessment on record and, also, opine that plaintiff was disabled from performing any occupation. Undoubtedly, one is left to conclude that plaintiff's failure to provide appropriate vocational and medical evidence to support for her claim means that no medical or vocational evidence existed or exists to support to her claim that she remains disabled from performing any occupation.  Accordingly, plaintiff's claim that she provided "uncontradicted evidence of total disability" is not only a hollow argument, it is also wrong and her effort to manipulate the record to prove her claim, must be rejected.  In addition, plaintiff's claims that Continental withheld information, and/or otherwise inappropriately handled her benefit claim amount to mere supposition in that they are not based on fact.  Taking into the totality of circumstances, and in particular the key medical and vocational evidence, Continental gave Mrs. Tesche's claim a full and fair review and Continental's decision to deny her any occupation benefits was correct and must be upheld.

Continental is not bound by the decision of the Social Security Administration in examining a claim for disability benefits under the applicable benefit plan.  Dorsey v. Provident Life and Accident Ins. Co., 167 F.Supp. 846, 856 (E.D.Pa. 2001).  Further, as to this motion, the plaintiff's failure to document the findings of the Social Security Administration and to argue how they cause Continental's decision to be flawed dooms her motion in this respect.  The mere

---

[2] See Exhibit "A" CCC000157 wherein plaintiff's prior counsel sought additional time beyond the sixty (60) day appeal period per ERISA (Exhibit "A" CCC000165) to submit medical evidence in support her appeal.

statement that plaintiff was awarded Social Security disability benefits and no

more, cannot serve as a foundation for summary judgment.

**C.    Plaintiff Is Not Entitled to Damages**

Continental denies that plaintiff is entitled to damages as this Court cannot

grant plaintiff's motion for summary judgment.  Even assuming <u>arguendo</u> that

plaintiff is entitled to judgment in her favor, she has failed to set forth a basis for

an award of attorneys fees under ERISA .  Specifically, plaintiff has failed to raise

the facts and law necessary to met the applicable test followed in this Circuit.

<u>See</u> <u>Ursic v. Bethlehem Mines</u>, 719 F.2d 670 (3rd Cir. 1983).  Accordingly,

plaintiff's damage request must be denied.

**Respectfully submitted,**

**CHRISTIE, PABARUE, MORTENSEN AND
YOUNG, A Professional Corporation**

BY: _____

Michael J. Burns, Esquire
Atty. Identification #: 62088
1880 JFK Boulevard, 10th Floor
Philadelphia, Pa 19103
(215) 587-1600
(215) 587-1699 (facsimile)
mjburns@cpmy.com

Attorney for Defendants,
CNA Insurance Companies and
Continental Casualty Company

Dated: _1/28/02_

# EXHIBIT  C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN D. TESCHÉ,                          :
                                         :   Civil Action No. 1:CV-01-0326
                    Plaintiff            :
          v.                             :
                                         :
CNA INSURANCE COMPANIES, and             :
CONTINENTAL CASUALTY COMPANY,            :
                                         :
                    Defendants           :   (Judge Caldwell)

**FILED**
HARRISBURG, PA

MAY 04 2001

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### AMENDED COMPLAINT

### The Parties

1.    Plaintiff, Joan D. Tesché ("Mrs. Tesché"), is an adult individual domiciled and residing at 7737 Fishing Creek Valley Road, Harrisburg, Dauphin County, Pennsylvania  17112.

2.    Defendant, CNA Insurance Companies ("CNA"), is an Illinois corporation engaged in the business of writing, underwriting, and/or administering various types of insurance, including certain employers' disability plans.  CNA has its principal place of business at CNA Plaza, Chicago, Illinois; is

qualified to do business in Pennsylvania; and maintains offices in Dauphin County through certain licensed insurance agents.

3.    Defendant, Continental Casualty Company ("CCC"), a CNA affiliate, is a corporation engaged in the business of writing, underwriting, and/or administering various types of insurance, including acting as administrator, trustee, and/or insurer/underwriter of certain employers' disability plans.  CCC has its principal place of business at CNA Plaza, Chicago, Illinois; is qualified to do business in Pennsylvania; and maintains offices in Dauphin County through certain licensed insurance agents.

4.    Defendants and their respective employees, agents, independent contractors, affiliates, plan sponsors, plan trustees, and plan administrators arbitrarily, capriciously, and erroneously denied long-term disability benefits to Mrs. Tesché.

## Jurisdiction and Venue

5.    This is a civil action involving claims in excess of $75,000.00, exclusive of interest and costs.  Jurisdiction is

2

based on 28 U.S.C. §1332 (diversity of citizenship) in that every issue of fact and law is between citizens of different states. Jurisdiction is also based on 28 U.S.C. §1331 (federal question jurisdiction) in that some or all of Mrs. Tesché's claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, <u>et seq</u>., as amended.

6.    Pursuant to Section 502(a), (f) of ERISA, 29 U.S.C. §1132(a), (f), the United States District Courts have jurisdiction over actions by beneficiaries of ERISA-regulated plans to recover benefits due under such plans.

7.    Venue over this action rests with the United States District Court for the Middle District of Pennsylvania.

<u>**ALLEGATIONS COMMON TO ALL COUNTS**</u>

8.    At all relevant times, Mrs. Tesché was a full-time employee of AMP Incorporated of Harrisburg, Pennsylvania.

9.    As an AMP employee, Mrs. Tesché was entitled to long-term disability benefits through CNA Insurance Companies "CNA") and its affiliate/underwriter/plan trustee/plan

3

administrator, Continental Casualty Company ("CCC").  (CNA and CCC are hereafter collectively referred to as "CNA" in this complaint.)  Attached as Exhibit "A" is a copy of the disability ("LTD") policy, under which Mrs. Tesché qualified as an "Insured Employee" and/or a beneficiary or participant of the plan.

10.  CNA's LTD policy was and is an "employee welfare benefit plan" governed by ERISA, 29 U.S.C. §1002(1), and related provisions.

11.  On or about May 3, 1997, CNA determined that Mrs. Tesché was disabled from her occupation as a System Procedure Analyst; and CNA paid benefits for the 24-month own occupation period commencing after the 180-day elimination period.

12.  By letter dated October 7, 1999, CNA determined that Mrs. Tesché did not fall within the definition of "total disability" under the policy, and that she was not entitled to benefits beyond October 30, 1999, i.e., the end of the 24-month period of benefits.  Attached as Exhibit "B" is a copy of CNA's October 7, 1999 determination.

13.  By letters dated October 22, 1999 and December 3, 1999, Mrs. Tesché, through her attorney, Steven Courtney, timely

4

appealed CNA's initial determination.  Attached as Exhibit "C" are copies of Mr. Courtney's appeal letters.

14.  In support of her appeal, Mrs. Tesché submitted a December 22, 1999 medical report from her treating physician, Steven B. Wolf, M.D.  In his report, Dr. Wolf opined that Mrs. Tesché was not employable based on her current medical condition, including her inability to perform jobs identified by CNA. Attached as Exhibit "D" is a copy of Dr. Wolf's December 22, 1999 report.

15.  By letter dated January 3, 2000, CNA and its affiliate/plan trustee/plan administrator/plan sponsor, CNA Group Benefits, confirmed that the final decision would be determined by the CNA Appeals Committee within the time period required by ERISA.  Attached as Exhibit "E" is a copy of CNA's January 3, 2000 letter.

16.  By letter dated February 21, 2000, CNA and CNA Group Benefits rendered an untimely final decision on Mrs. Tesché's appeal.  Attached as Exhibit "F" is a copy of CNA's February 21, 2000 decision.

17. Mrs. Tesché has exhausted all administrative appeals of CNA's decision denying her continued receipt of LTD benefits.

18. Mrs. Tesché applied for social security disability benefits, alleging that she was unable to perform any gainful employment.

19. By letter dated January 15, 2001, the Social Security Administration awarded social security benefits to Mrs. Tesché retroactive to October 1, 1999. Attached as Exhibit "G" is a copy of the Social Security Administration's January 15, 2001 award letter.

### COUNT I - FIDUCIARY VIOLATIONS OF ERISA
### TESCHÉ v. CNA, CCC

20. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 19 above.

21. This ERISA action under 29 U.S.C. §1132(a)(2) is partially based on the CNA policy, a copy of which is attached as Exhibit "A." This count, alleging defendants' breach of ERISA

6

fiduciary duties, is based on all summary plan descriptions, claims manuals, plan documents, the CNA policy, and other related documents (collectively "the Contract"), all of which are in defendant's possession and are incorporated by reference herein.

22.   Defendants, and their respective employees, agents, plan administrators, plan trustees, and plan sponsors, breached certain fiduciary duties under ERISA, including, without limitation:

(a)   they had superior knowledge regarding the requirements for continuing LTD benefits and failed to disclose such information to Mrs. Tesché as part of the appeal process;

(b)   CNA and its agents knew or should have known that they had a duty to disclose such material facts;

(c)   specifically, CNA did not advise Mrs. Tesché that her treating physician would have to address certain required criteria in his medical report, including "...a vocational determination based on the claimant's permanent medical restrictions, geographic location, economic parity, age, experience, and education."  See Exhibit "F."

7

(d)   they failed to counsel and notify Mrs. Tesché about the subtle but critical distinction between the own occupation definition and the any occupation definition in the Contract;

(e)   they breached their fiduciary duties by failing to advise Mrs. Tesché about all necessary requirements for her continued receipt of LTD benefits; and

(f)   they failed to provide Mrs. Tesché with an opportunity to submit additional medical evidence addressing CNA's disability criteria, and they issued an untimely decision.

23.   As a result of defendants' breach of their fiduciary duties under 29 U.S.C. §1132(a)(2) and related provisions, Mrs. Tesché has sustained and will continue sustain unliquidated damages and losses in excess of $75,000.00, representing past and ongoing LTD benefits, plus interest, attorneys' fees, and costs.


**WHEREFORE**, plaintiff demands judgment against defendants, CNA Insurance Companies and Continental Casualty

8

Company, jointly and severally, in an amount in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

### COUNT II - CLAIM FOR ERISA BENEFITS
### TESCHÉ v. CNA, CCC

24.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 23 above.

25.   This cause of action is based on Section 502 of ERISA, 29 U.S.C. §§1132(a)(1)(B), 1132(a)(3), and related provisions, which authorize participants and beneficiaries:

(a)   to recover benefits due under the terms of a plan, or to enforce or clarify rights under the plan; and

(b)   to seek equitable relief and to redress violations of ERISA and the plan.

26.   This Court should review defendants' February 21, 2000 decision (Exhibit F) based on a <u>de novo</u> standard in that:

(a)   CNA's Contract does not vest discretion in its plan administrator to construe the plan's terms and to determine claimants' eligibility for benefits;

(b)   the _de novo_ standard applies to defendants'
purely factual determination;

(c)   defendants and their respective
representatives had a conflict of interest in evaluating and
deciding Mrs. Tesché's claim;

(d)   defendants and their respective
representatives breached their fiduciary duties under ERISA;

(e)   defendants and their respective
representatives failed to conduct a thorough, independent, and
professional review of the relevant evidence; and

(f)   the _de novo_ standard is appropriate based on
such other grounds as may be established through discovery and at
trial.

27.   Alternatively, this Court should review and
reverse defendants' decision and conclude that it was arbitrary
and capricious, unsupported by substantial evidence, and/or
erroneous as a matter of law.

28.   Based on defendants' violations of ERISA, Mrs.
Tesché is entitled to all available relief under ERISA and all

10

benefits under the plan, inclusive of LTD benefits, interest, attorneys' fees, and costs.

29.  Alternatively, if the Court is not inclined to grant monetary damages and other available relief, plaintiff requests that:

(a)  the Court award attorneys' fees and costs and retroactively reinstate Mrs. Tesché's benefits, with interest; or

(b)  remand the case to defendants' plan administrator, with the direction that Mrs. Tesché be afforded the opportunity to submit further evidence in support of her claim.

**WHEREFORE**, plaintiff demands judgment against defendants, CNA Insurance Companies and Continental Casualty Company, jointly and severally, in an amount in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

Plaintiff requests such other relief under ERISA as the Court
deems appropriate.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 5/4/01

Bradford Dorrance
I. D. No. 32147
210 Walnut Street
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

12

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I served a true and correct copy of Defendants CNA Insurance Companies and Continental Casualty Company's Reply Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment with proposed Order and Exhibits thereto, and Reply to Plaintiff's Statement of Material Facts upon all other parties to this action by depositing a copy, postage pre-paid in the United States mail, addressed as followed:

Bradford Dorrance, Esquire
**Keefer Wood Allen & Rahal, LLP**
210 Walnut Street
P.O. Box 11963
Harrisburg, PA 17108-1963

DATE: _1/28/02_

MICHAEL J. BURNS, ESQUIRE