ORIGINAL

36
5/17/0?

2 to ct

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN D. TESCHÉ,                      :
                                     :  Civil Action No. 1:CV-01-0326
                Plaintiff            :
        v.                           :
                                     :                   FILED
CNA INSURANCE COMPANIES, and         :            HARRISBURG, PA
CONTINENTAL CASUALTY COMPANY,        :
                                     :            MAY 1 6 2002
                Defendants           :  (Judge Caldwell) MARY E. D'ANDREA, CLERK
                                                    Per_____

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Date conference was held by counsel:  5/13/02.

    A.    **Federal Jurisdiction**.  Federal jurisdiction is based on
28 U.S.C. §1332 (diversity of citizenship) and 28 U.S.C. §1331
(federal question jurisdiction).

    B.    **Summary Statement**.  This is a de novo appeal of an
insurance company's final decision, terminating long-term
disability insurance benefits under an ERISA Employee Welfare
Benefit Plan.  Defendant, Continental Casualty Company
("Continental"), denied plaintiff's benefits, arguing that she
was not "totally disabled" from "any occupation" as defined by

the applicable policy.  Plaintiff, Joan Tesché ("Mrs. Tesché"),
seeks reinstatement of benefits based in part on her treating
physician's opinion that she was and is totally disabled.

C.    **Comprehensive Statement of Undisputed Facts**.  The
parties filed cross motions for summary judgment, together with
briefs and statements of material facts under Local Rule 56.1.
Mrs. Tesché's statements, briefs, and related documents are
incorporated by reference herein.

D.    **Damages**.  Mrs. Tesché seeks all damages authorized by
ERISA, including retroactive long-term disability benefits,
accrued interest, attorneys' fees, and costs.  If Mrs. Tesché
establishes that she is totally disabled, Continental is required
to pay her a net monthly benefit of approximately $588.00.  This
net figure represents 60 percent of Mrs. Tesché's salary before
she became disabled, less a setoff under the policy for her
monthly social security disability benefit.

E.    **Names and Addresses of Lay and Expert Witnesses**.

    (1)   Joan Tesché (Plaintiff)
        7737 Fishing Creek Valley Rd.
        Harrisburg, PA  17112

    (2)    Steven B. Wolf, M.D. (Treating Orthopedic Surgeon)
             875 Poplar Church Road
             Camp Hill, PA  17011

    (3)    Tony Gulledge, Disability Specialist
             Continental Casualty Company
             12211 Coral Reef Drive
             Orlando, FL  32826

Plaintiff reserves the right:  to call those witnesses identified in defendant's pretrial memorandum; to supplement this list, if necessary, before trial; and to call rebuttal witnesses, if necessary.

F.    **Summary of Expert's Testimony**.  It is anticipated that Dr. Wolf will opine that Mrs. Tesché was and is totally disabled from any occupation.  Defendant's Disability Specialist, Tony Gulledge, may be asked vocational questions at trial (if the parties do not stipulate to the applicable vocational criteria).

G.    **Special Comment About Pleadings and Discovery**.  None.

H.    **Summary of Legal Issues**.  In his March 28, 2002 opinion and order, the Honorable William W. Caldwell dismissed the parties' respective motions for summary judgment and dismissed Count I from plaintiff's amended complaint.  The principal, remaining issues for adjudication are:

3

(1)   Applying a heightened and critical <u>de novo</u> review of Continental's final decision, is Joan Tesché "totally disabled from any occupation" as defined by the governing policy?

(Suggested Answer:  Yes.)  <u>See</u> Plaintiff's summary judgment briefs, <u>citing</u>, <u>inter alia</u>, <u>Mitchell v. Eastman Kodak Company</u>., 113 F.3d 433 (3d Cir. 1997).

(2)   Applying the Social Security Administration's and Continental's compatible criteria, is Joan Tesché totally disabled based on her inability to sustain minimum productivity levels at any job?

(Suggested Answer:  Yes.)  <u>See</u>, <u>e.g.</u>, <u>Mitchell</u>.

(3)   If Mrs. Tesché establishes her entitlement to reinstatement of long-term disability benefits, is she entitled to accrued interest, attorneys' fees, and costs?

(Suggested Answer:  Yes.)  <u>See</u>, <u>e.g.</u>, <u>Anthus v. Colt Industries Operating Corp</u>., 971 F.2d 999 (3d Cir. 1992); 29 U.S.C. §1132(g)(1).

I.   <u>**Stipulations Desired**</u>.  The parties will stipulate to certain facts and documents including:

(1)  the authentication and admission of the administrative record (Continental's claim file); and

(2)  the sole defendant is Continental Casualty Company, which issued the governing policy and which served as claims administrator.  (CNA is a tradename of Continental.)

J.  **Estimated Number of Trial Days**.  One to two days.

K.  **Any Other Pertinent Matters**.  None.

L.  **Exhibits**.  The parties intend to stipulate to a pre-numbered schedule of exhibits, including Continental's policy, its final decision, and other documents from its claim file. Plaintiff reserves the right to use those exhibits identified in defendant's pretrial memorandum and to use other documents in rebuttal, if necessary.

M.  **Special Verdict Questions**.  N/A.  (This is a non-jury trial.)

N.  **Defense Counsel's Statement of Settlement Authority**. See defendant's pretrial memorandum.

O.  **Testimony**.  Plaintiff's counsel believes that there are no unresolved objections in the parties' discovery depositions. Counsel anticipate that all testimony will be provided at trial,

with the exception of Dr. Wolf's deposition testimony, which shall be taken on August 8, 2002.  See defendant's pretrial memorandum.

P.    **Requests for Findings of Fact and Law**.  On or before the pretrial conference, the parties intend to submit separate or joint findings of fact, which will be based on those documents filed in connection with their respective motions for summary judgment.  The proposed conclusions of law will include the following:

1.    This is a civil action involving claims in excess of $75,000.00, exclusive of interest and costs.  Jurisdiction is based on 28 U.S.C. §1332 (diversity of citizenship) in that every issue of fact and law is between citizens of different states.  Jurisdiction is also based on 28 U.S.C. §1331 (federal question jurisdiction) in that some or all of Mrs. Tesché's claims arise under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq., as amended.

2.    Pursuant to Section 502(a), (f) of ERISA, 29 U.S.C. §1132(a), (f), the United States District Courts have

jurisdiction over actions by beneficiaries of ERISA-regulated plans to recover benefits due under such plans.

3.   Continental's LTD policy was and is an "employee welfare benefit plan" governed by ERISA, 29 U.S.C. §1002(1), and related provisions.

4.   Since there is no explicit or clearly implicit discretion granted to the plan administrator in the plan document, the Court must review Mrs. Tesché's termination of long-term disability benefits based on the heightened standard of <u>de novo</u> review. <u>Mitchell v. Eastman Kodak Company</u>, 113 F.3d 433 (3d Cir. 1991).

5.   Mrs. Tesché has established that she was and is totally disabled from "any occupation" as defined in defendant's policy (and as authorized by the Social Security Administration's compatible regulations).

6.   Summary judgment is entered in plaintiff's favor on Count II of her amended complaint; defendant's benefit determination is reversed; and judgment is entered in favor of plaintiff for reinstatement of her long-term disability benefits,

7

accrued interest, attorneys' fees, and costs.  See also Section H

above, which is incorporated by reference herein.


Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 5/16/02

Bradford Dorrance
I. D. No. 32147
210 Walnut Street
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

8

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document upon the person(s) and in the manner indicated below:

First-Class Mail, Postage Prepaid
Addressed as Follows:

Michael J. Burns, Esquire
CHRISTIE PARABUE MORTENSEN YOUNG
1880 JFK Boulevard
10th Floor
Philadelphia, PA  19103-7424

(Attorneys for Defendants)

Dated: 5/16/02

Bradford Dorrance