ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN D. TESCHÉ, | : | Civil Action No. 1:CV-01-326 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CNA INSURANCE COMPANIES, and | : | |
| CONTINENTAL CASUALTY COMPANY, | : | |
| | : | |
| Defendants | : | (Judge Caldwell) |

FILED
HARRISBURG, PA
SEP 1 6 2002
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO PRECLUDE EXPERT TESTIMONY**

**I.   FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, Joan Tesché, seeks reinstatement of her long-term disability benefits under defendants' ERISA plan. Defendants have moved to preclude the report and anticipated testimony of plaintiff's vocational expert, Mark Lukas, Ed.D. Defendants assert that plaintiff did not timely identify Dr. Lukas as an expert witness and did not provide any expert report.[1] By order dated August 5, 2002, the Honorable William W. Caldwell deferred his decision on defendants' motion until after the nonjury trial was held on August 9, 2002.

---

[1] Dr. Lukas's August 6, 2002 report was provided to defendants' counsel on August 6, 2002. See Bradford Dorrance's Affidavit in Opposition to Defendants' Motion, Exhibit F.

## II. STATEMENT OF QUESTION INVOLVED

A. Whether the Court should deny defendants' motion and should permit the testimony and report of plaintiff's vocational expert, where, as here:

(1) both parties listed defendants' Disability Specialist, Tony Gulledge, as a witness in their respective pre-trial memoranda;

(2) plaintiff was prejudiced and surprised by Mr. Gulledge's unavailability to testify about his vocational opinions at trial;

(3) plaintiff's production of a vocational expert was necessitated by defendants' inability to produce their promised Disability Specialist;

(4) the parties could have stipulated to the generic vocational principles expressed in Dr. Lukas's report; and

(5) any prejudice caused by plaintiff's submission of Dr. Lukas's testimony can be completely cured by defendants' submitting the testimony of their own vocational expert?

(Suggested answer is in the affirmative.)

2

### III.  ARGUMENT

A.  Plaintiff's expert should be permitted to testify, because his testimony was necessitated by defendants' inability to produce their own vocational witness, and because defendants will have a full and fair opportunity to provide their own expert's testimony.

In their brief, defendants assert that they have been surprised and prejudiced by plaintiff's tardy submission of Dr. Lukas's proposed report and testimony.  In truth, plaintiff was forced to produce Dr. Lukas as a vocational expert only after:

(1)  defendants disclosed that their vocational witness/expert would be unavailable for trial; and

(2)  defendants refused to stipulate to settled vocational principles.

In their brief, defendants conveniently ignore their role in creating the problem of which they complain.  Defendants' brief fails to attach critical correspondence and pre-trial memoranda, confirming that defendants' Disability Specialist, Tony Gulledge, was a material witness for trial.  See Bradford Dorrance's Affidavit in Opposition to Defendants' Motion to Preclude Expert Testimony.  Contrary to defendants' assertions,

3

this is not a case of one party's delaying the production of an expert witness. Plaintiff's expert was produced only after plaintiff realized that defendants were unable to produce their identified witness (or a suitable substitute).

As confirmed in pre-trial communications to defendants' counsel, plaintiff was alternatively seeking to stipulate to undisputed vocational principles, including the threshold disability test: Whether the individual in question is able to perform sustained work activities in an ordinary work setting on a regular and continuing basis, i.e., eight hours per day during a five-day work week. See, e.g., Bradford Dorrance's Affidavit, Exhibits C, D, E, and F.

Plaintiff has been severely prejudiced by defendants' failure to produce Mr. Gulledge or any of the other Disability Specialists employed by Continental. According to Ms. Sauerhoff's testimony, Mr. Gulledge had not been employed by Continental for approximately two years--a fact first disclosed to plaintiff at trial. Id.

Dr. Lukas's testimony was necessitated by Continental's actions (or inactions). If defendants were genuinely surprised or prejudiced by the generic opinions expressed in Dr. Lukas's

4

report, they are able to completely cure any prejudice by producing the trial deposition of their own vocational expert.

### IV. CONCLUSION

Based on all relevant considerations, this Court should deny defendants' motion; should permit the trial deposition and report of plaintiff's expert, Mark Lukas, Ed.D.; and should permit defendants to schedule the trial deposition of their expert. <u>Bucher v. Gainey Transportation Service of Indiana, Inc.</u>, 167 F.R.D. 387, 389 (M.D. Pa. 1996). <u>Cf</u>. Defendants' Memorandum of Law, pp. 6-7.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 9/16/02

Bradford Dorrance
I. D. No. 32147
210 Walnut Street
P. O. Box 11963
Harrisburg, PA 17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

5

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing document upon the person(s) and in the manner indicated below:

<u>First-Class Mail, Postage Prepaid
Addressed as Follows:</u>

Michael J. Burns, Esquire
CHRISTIE PARABUE MORTENSEN YOUNG
1880 JFK Boulevard
10th Floor
Philadelphia, PA  19103-7424

(Attorneys for Defendants)


Dated: 9/16/02                                    _____
                                                   Bradford Dorrance