

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN D. TESCHE,                    :

    Plaintiff                  :

                                                                   :

    vs.                        :   CIVIL ACTION NO. 1:CV-01-0326
                                                                   :

CNA INSURANCE COMPANIES, and       :
CONTINENTAL CASUALTY COMPANY,
    Defendants                 :

                   M E M O R A N D U M



    We are considering Defendants' motion to preclude all evidence and testimony at trial from Mark Lukas, Plaintiff's vocational expert, because he was not identified as an expert witness within the deadline set by the court and has not provided an export report. Defendants' motion is pursuant to Federal Rules of Civil Procedure 26(a)(2), 37(c) and 16.

I.   Background

    Plaintiff seeks payment of long term disability insurance benefits under an ERISA employee welfare benefit plan. On July 3, 2001, we issued a Case Management Order, stating: "Discovery shall be completed by December 3, 2001. The parties shall identify any expert witnesses and shall provide reports promptly. Plaintiff's report is due by December 3, 2001, and defendant's report is due by January 3, 2002. Supplementations,

AO 72A

if any, are due by January 22, 2002." (doc. 12). The trial on this matter was ordered to begin August 9, 2002. (doc. 40). On August 5, 2002, we ordered that Mark Lukas was precluded from testifying at the August 9, 2002, trial because Defendants argued that Plaintiff first identified him as an expert witness on July 22, 2002. (doc. 42). We noted, however, that the presentation of witnesses and evidence can be bifurcated because this is a non-jury proceeding. (doc. 42).

Plaintiff argues that she has been severely prejudiced by Defendants' failure to produce Tony Gulledge or any other Disability Specialist employed by Defendants. Tesché maintains that Gulledge was identified as a material witness for trial but never testified because he has not been employed by Continental for two years. (doc. 49). Plaintiff alleges that she produced Lukas at such a late date because Defendants were unable to produce Gulledge or a suitable substitute. (doc. 49). Plaintiff also argues the she was seeking, unsuccessfully, to stipulate to undisputed vocational principles. (doc. 49).

II.   Discussion

Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of the identity of any person who may be used at trial to present expert evidence at times and in the sequence directed by the court. Federal Rule of Civil Procedure 37(c)(1) controls where a party fails to comply with Rule 26(a). It states: "A

2

party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). The imposition of Rule 37(c)(1) sanctions is within the discretion of the trial court. Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995).

A trial court considers the following when determining whether expert testimony should be excluded under Rule 37(c): (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases of the court, and; (4) the bad faith or willfulness in failing to comply with the court's scheduling order. Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-905 (3d Cir. 1977), overruled on other grounds, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985), aff'd, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). "[S]anctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." Newman, 60 F.3d at 156. The importance of the excluded testimony to the outcome of the litigation is an important final consideration. See Meyers, 559 F.2d at 905 (discussing Rule 37(c)).

3

Considering the above, we find that Mark Lukas' testimony should be admitted despite Plaintiff's failure to name him before the time announced in our July 3, 2001, order. First, Lukas' testimony would not surprise Defendants because Ms. Tesché's ability to work is an area in dispute in this case.[1] Second, Defendants have the ability to cure their surprise by calling their own expert to testify about Tesché's future vocations.[2] Third, as we noted in our order dated July, 22, 2002, because this is a non-jury trial, the presentation of witnesses and evidence can be bifurcated.

Fourth, we cannot make a finding that Plaintiff acted wilfully and in bad faith. Although Plaintiff admits that she failed to follow our Case Management Order, she has provided a reasonable excuse for her actions.

Finally, expert testimony concerning Plaintiff's future vocational ability is essential evidence in this case. The evidence will aid us in our determination whether or not Ms. Tesché is totally disabled due to her injuries. Based on the foregoing, we conclude that Lucas' testimony should be admitted

---

[1] In our Memorandum discussing the parties' Motions for Summary Judgment, we noted that Tesché's vocational ability was in dispute. (doc. 32, pp. 19-20).

[2] "If defendants were genuinely surprised or prejudiced by the generic opinions expressed in Dr. Lukas's report, they are able to completely cure any prejudice by producing the trial deposition of their own vocational expert." Pl.'s Br. pp. 4-5 (doc. 49).

4

and Defendants' have the opportunity to call their own expert on Tesché's future vocational ability.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date: October 3, 2002

AO 72A
(Rev 8/82)